IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kurt R. Madsen, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | 1:22cv1351 (RDA/LRV) |
| ) | |
| United States of America, *et al.*, ) | |
|    Respondent. ) | |

## MEMORANDUM OPINION and ORDER

Kurt R. Madsen ("Petitioner"), a probationer proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his April 29, 2022 convictions for three misdemeanors (two count of simple assault bias-related and one count of attempted possession of a prohibited weapon) in the District of Columbia Superior Court, Washington D.C. [Dkt. No. 1-1]. Respondent filed a motion to dismiss for lack of jurisdiction [Dkt. No. 6]. On February 22, 2023, the Court advised the Petitioner in accordance with Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right to respond. [Dkt. No. 7]. The time to file a response has passed, and the Petitioner has not filed a response. The matter is therefore ripe for adjudication. For the reasons stated below, the Court dismisses the petition without prejudice because it lacks jurisdiction.

### I. PROCEDURAL HISTORY

On April 29, 2022, the Petitioner was convicted by a jury in the District of Columbia Superior Court of three misdemeanors: two counts of Simple Assault Bias-Related Crime and one count of Attempted Possession of Prohibited Weapon – Other (Sharp Object). The Petitioner was sentenced that same day to two years of supervised probation on each count, with each term of probation to run concurrently, in lieu of serving a period of incarceration. At sentencing, the trial court recommended that probation be transferred to the Commonwealth of Virginia. The

Petitioner, by counsel, filed an appeal in the District of Columbia Court of Appeals. The online docket indicates that the District of Columbia Court of Appeals affirmed the Petitioner's convictions on March 7, 2023.[1]

On November 29, 2022, the Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court. The petition raises two claims:

> I am being held to answer for an "otherwise infamous crime" WITHOUT the protections which the United States Attorney and any Court of Law they practice law in are required to follow specifically the 5th Amendment which provides: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury....
>
> I did not receive due process in a court that exceeded their jurisdiction nor will I in their appellate court.

[Dkt. No. 1 at 6].

## II. JURISDICTION

The Petitioner challenges the validity of his three convictions and his sentence alleging he was denied his Fifth Amendment rights to presentment and indictment by a grand jury. The petition indicates that the Petitioner has not pursued habeas relief in the Superior Court of the District of Columbia pursuant to D.C. Code § 23-110(a).

It is well established that "[a] prisoner who is convicted and sentenced by the District of Columbia Superior Court may seek collateral review pursuant to D.C. Code § 23-110(a)." *Dyer-El v. Bolster*, No. 3:19cv365, 2020 WL 3513695, at *2 (E.D. Va. June 29, 2020). Section 23-110(a) authorizes a motion to vacate on any of the following four grounds: (1) that the sentence is unconstitutional or illegal; (2) the District of Columbia Superior Court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the

---

[1] *Kurt R. Madsen v. United States*, No. 22-CM-0310 (https://www.dccourts.gov/court-of-appeals/e-filing-search-cases-online) (search "Madsen, Kurt") (last viewed March 22, 2023).

2

sentence is subject to collateral attack. D.C. Code § 23-110(a). A federal district court "shall not" entertain an application for a writ of habeas corpus by a D.C. prisoner "if it appears that the applicant has failed to make a motion for relief under [Section 23- 110] or that the Superior Court has denied him relief," unless it also appears that the remedy available under Section 23-110 "is inadequate or ineffective to test the legality of his detention." *Id.* § 23-110(g). "[C]ourts agree that D.C. Code 23-110(g) 'entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23–110 remedy was inadequate or ineffective[.]." *Bolster*, 2020 WL 3513695, at *2 (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998)).

"To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must show that 'it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.'" *Id.* (quoting *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)). Given that the Petitioner is not challenging the execution of his sentence, but instead raises a substantive challenge to his conviction, the Court lacks jurisdiction to consider his claim, unless he has shown that the remedy under Section 23-110 is inadequate or ineffective. *See, e.g., Whitlow v. Tripp*, 587 F. App'x 74, 74 (4th Cir. 2014 (per curiam) (remanding with instructions to dismiss petitioner's § 2241 habeas petition unless he could show that his remedy under § 23-110 was inadequate or ineffective to test the legality of his detention); *Coleman v. Wilson*, No. 13cv608, 2014 WL 7338839, at *2-3 (E.D. Va. Dec. 19, 2014) (dismissing D.C. prisoner's § 2241 petition challenging sentencing enhancement for lack of jurisdiction); *Young-Bey v. Stansberry*, No. 08-cv-1172, 2010 WL 768611, at *5 n.6 (E.D. Va. Mar. 4, 2010) (noting that D.C. prisoner's § 2241 petition challenging validity of his detention, as opposed to execution of his sentence, was a cognizable

claim under § 23-110). Because the Petitioner has not established that his remedy under D.C. Code § 23-110 is inadequate or ineffective to redress his claims, this Court lacks jurisdiction over such claim and the claim should be dismissed and his petition will be dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the § 2241 petition must be dismissed. Accordingly, it is hereby

ORDERED that the petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of respondent; to send a copy of this Memorandum Opinion and Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 24 day of March 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge